UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AXCELLA BUILDING REALTY TRUST** and **RICHARD W. PORTER, Trustee,**<br><br>Plaintiffs,<br><br>v.<br><br>**MICHAEL THOMPSON,**<br><br>**Defendant.** | CIVIL ACTION<br>NO. 23-40151-DHH |

### REPORT & RECOMMENDATION

**January 25, 2024**

**Hennessy, M.J.**

*Pro se* Plaintiff Richard W. Porter, Jr. brings this action against Michael Thompson, who allegedly resides in New Hampshire. Plaintiff is confined at the Worcester Recovery Center and Hospital. For the reasons stated below, the Court RECOMMENDS that this action be DISMISSED for improper venue, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

**I.    Factual Background**

Plaintiff filed a one-page, handwritten complaint on October 30, 2023. Dkt. No. 1. Plaintiff claims that he is the trustee of Axcella Building Realty Trust, which, he alleges, is the holder of a $750,000 mortgage against property located at 564 Old Candia Rd., Candia, New Hampshire (the Property). *Id.* He claims that Defendant broke into the home at the Property and obtained a fraudulent deed to the Property in 2006. *Id.* Paradoxically, Plaintiff also claims that Defendant is liable for the mortgage payment as the Property is in his name. *Id.* Finally, Plaintiff claims that Defendant owes him the full value of the Trust's mortgage, the value of the

Property ($675,000), and $500,000 in rent, presumably for the period Defendant has occupied the Property. *Id.*

This is one of the five cases Plaintiff has filed in this Court between October 19, 2023, and November 13, 2023, against this Defendant based on claims that Plaintiff is the true owner of the Property and that Defendant has been occupying the Property illegally since 2006. *See Porter v. Candia Police Dep't*, C.A. 23-40143-MRG; *Porter v. Thompson*, C.A. 23-40148-MRG; *Porter v Candia Police*, C.A. 23-40152-MRG; *Porter v. State of New Hampshire*, C.A. No. 23-40157-MRG.[1]  Plaintiff has filed other actions in this Court against individuals who are allegedly wrongfully occupying other properties of which Plaintiff claims to be the true owner. *See Porter v. St. Onge*, CA 23-40149-DHH and *Porter v. D + C Revocable Family Trust*, CA 23-40170-MRG (concerning 355 Deerfield Rd. Allenstown, NH); *Porter v. Morino*, C.A. 23-40133-MRG (concerning 16 Babson St., Wakefield, MA and 9 Brentwood Rd., North Reading, MA); *Porter v. Commonwealth*, C.A. 23-40179-DHH (concerning 31 Winston Ave., Wilmington, MA).

Additionally, Plaintiff has alleged that in 2017, upon the application of Nancy Morino (who resides at a Massachusetts property which is the subject of one of his lawsuits), the Malden District Court issued a harassment prevention order against a person other than himself named "Robert Porter," and that Plaintiff has been wrongfully committed based on Morino's false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action seeking

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

eviction of individuals living at the Property and other New Hampshire properties, claiming to be the properties' owner. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (Dkt. No. 19) (referring to 6 Mallard Ln. Londonderry, NH; 38 Ritar Cir. Rd., Northwood, NH; 3 Longre Rd., Merrimack, NH). Subsequently, he filed a document in which he alleged that Defendant and another individual stole land from him. *Id.* (Dkt. No. 29). Plaintiff includes a copy of a June 2017 order of the Rockingham (NH) Superior Court indicating that he has been prohibited from filing a civil complaint against Defendant without receiving prior authorization from the court to do so. *Id.*

## II. Discussion

### A. Improper Venue

The District of Massachusetts is not the proper venue for this action.[2] The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue

---

[2] This action may also be frivolous. A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As a whole, the instant one-page, hand-written, bare bones complaint fails to provide an arguable legal or factual basis for this suit. Among other things, Plaintiff alleges that Thompson holds title to the Property and is responsible to pay a mortgage on the Property. At the same time, Plaintiff alleges that Plaintiff himself owns the property and that Thompson is responsible in damages for the amount of the mortgage, the cost of a modular home on the Property, and a half million dollars in rent. (The Court notes that Plaintiff has averred in other lawsuits that he does not own any real estate. *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).) He alleges that Thompson burgled the home and obtained a property deed that is fraudulent. The Complaint makes little sense and the vagueness of Plaintiff's allegations coupled with his litigation history suggest the frivolity of this suit. The District Judge need not consider whether this suit is frivolous should she adopt the recommendation to dismiss for improper venue.

is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis added). The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A court may dismiss an action *sua sponte* for improper venue after screening pursuant to 28 U.S.C. § 1915(e)(2) when it is "obvious from the face of the complaint and no further factual record is required" to determine that venue is improper. *See, e.g.*, *Cox v. Rushie*, No. 12-cv-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)) (dismissing Plaintiff's complaint for improper venue after § 1915(e)(2) screening); *DeBarros v. Frank*, No. 20-cv-260, 2020 WL 5570005, at *8-9 (D.R.I. Sept. 17, 2020) (same).

The District of Massachusetts is not the proper venue for Plaintiff's claim concerning an alleged interest in real property located in New Hampshire. Subsection (1) of the above statute is inapplicable because there is no allegation that all Defendants reside in Massachusetts. To the contrary, the Complaint alleges that Thompson resides in New Hampshire. Dkt. No. 1. Subsection (2) does not support venue in this Court because the property is situated in New Hampshire and the events giving rise to Plaintiff's claims, such as the alleged burglary, did not occur in Massachusetts. Because venue exists in the District of New Hampshire (the site of the

property and the burglary), subsection (3) is irrelevant; further, nothing in the complaint suggests that this Court could exercise personal jurisdiction over any defendant.

### B. Motion for Leave to Proceed *in Forma Pauperis*

Although the information in Plaintiff's motion for leave to proceed *in forma pauperis* suggests that he is unable to prepay the filing fee, I recommend that the Court nevertheless declines to adjudicate the motion. It is unclear whether Plaintiff is a "prisoner" within the meaning of the federal *in forma pauperis* statute. This statute's definition of a "prisoner" includes pretrial detainees, *see* 28 U.S.C. § 1915(h), including those who are subject to an order of commitment entered in a criminal action and are not confined in a correctional facility. *Compare Gibson v. City Municipality of New York*, 692 F.3d 198, 202 (2d Cir. 2012) (per curiam) (holding that pretrial detainee confined in a mental hospital pursuant to a temporary order of observation was a "prisoner" for purposes of 28 U.S.C. § 1915(h)), *and Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (holding that civilly committed person whose criminal proceedings were held in abeyance during treatment for mental illness was a "prisoner"), *with Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that civilly committed person, who was not charged with a crime or serving a term of incarceration, was not a "prisoner"). A prisoner seeking leave to proceed without prepayment of the filing fee in a non-habeas action must include with his *in forma pauperis* motion a "copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each [facility] at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff did not file a 6-month institutional account statement with his *in forma pauperis* motion, but it is unclear that he was required to do so. The Court is aware of a pending state criminal prosecution against him, *see Commonwealth v. Porter*, 2350CR000951 (Malden Dist.

Ct., Mass.), and Plaintiff has represented that another order for his commitment was issued on October 18, 2023. *See Porter v. Wenzel*, C.A. No. 23-40153-MRG (Dkt. No. 1). However, it is unclear whether his present confinement at Worcester Recovery Center and Hospital is pursuant to an order of commitment issued in the criminal case. Regardless, the motion for leave to proceed *in forma pauperis* should be denied as moot if the Court adopts my Report and Recommendation dismissing it for improper venue.

If the Court declines to adopt my Report and Recommendation dismissing the case for improper venue, I recommend Plaintiff be ordered to show cause why the Court should not assess an initial filing fee and collect the remainder of the fee in accordance with 28 U.S.C. § 1915(a)(2)-(b), as it appears upon review of the Complaint that he is a "prisoner" under 28 U.S.C. § 1915(h).[3]

---

[3] For Plaintiff's possible benefit, the Court notes other filing fee requirements for litigants who are prisoners within the meaning of the in forma pauperis statute. If a prisoner is allowed to proceed without prepayment of the filing fee in a non-habeas civil action, he must pay the statutory $350 filing fee over time, regardless of the duration or outcome of the lawsuit. See 28 U.S.C. § 1915(b)(1)-(2). Further, a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," cannot proceed without prepayment of the filing fee unless the allegations in his complaint show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## IV. Conclusion

For the reasons set forth above, the Court RECOMMENDS that the action be DISMISSED for improper venue. The Court also RECOMMENDS that Plaintiff's motion for leave to proceed *in forma pauperis* be denied as moot.[4]

          /s/ David H. Hennessy
          David H. Hennessy
          United States Magistrate Judge

---

[4] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).